STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

J.M., D.M., INDIVIDUALLY AND ON
AND ON BEHALF OF HIS
MINOR CHILD, K.M.

AND

M.R., INDIVIDUALLY AND ON
BEHALF OF HER MINOR CHILD, Ma.R.

AND

G.G., J.G., INDIVIDUALLY AND ON
BEHALF OF HIS MINOR CHILD, A.G.

VERSUS

AVOYELLES PARISH SCHOOL BOARD
AND E.T.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2006-8832-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

**Brian M. Caubarreaux**
**Derrick G. Earles**
**Emily G. Meche**
**Brian Caubarreaux & Associates**
**144 West Tunica Drive**
**Marksville, LA 71351**
**Counsel for Plaintiffs-Appellees:**
      **J.M., et al.**

**Ronald J. Fiorenza**
**Andrew E. Schaffer**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel A.C.**
**P.O. Box 1791**
**Alexandria, LA 71309-1791**
**Counsel for Defendant-Appellant:**
      **Avoyelles Parish School Board**

**PAINTER, Judge.**

Parents of minor children filed suit alleging that their pre-kindergarten-aged daughters were touched inappropriately by one or more of their male classmates. Defendant, Avoyelles Parish School Board, appeals the judgment in favor of Plaintiffs. For the following reasons, we amend the judgment to reflect the trial judge's dismissal of Plaintiffs' claims against E.T.[1] and affirm the judgment in all other respects.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that in December of 2005, their female children were sexually fondled by one or more of their male pre-kindergarten classmates at Riverside Elementary School. Plaintiffs filed suit against Avoyelles Parish School Board and E.T., the mother of one of the male children, alleging claims grounded in both strict liability and negligence.

Plaintiffs, J.M. and D.M., are the parents of K.M. In December of 2005, K.M. told her older sister that she did not want to go to the Christmas play at school because she would "have to dance with the boy who hurt her." Her sister reported this to their mother, who in turn questioned K.M. about the statement. K.M. told her mother that a boy in her class had put his hands inside her pants while they were on the playground at school. J.M. testified that since the incident, K.M. reverted to "baby talk" at times, would not wear elastic pants, would not unzip her jacket, and appeared angry and frustrated. D.M. testified that K.M. also had trouble sleeping. The trial judge found that J.M. and D.M. were credible witnesses. K.M. treated with Dr. Susan Lanclos, a clinical psychologist, between April 20 and August 17, 2006.

---

[1]Pursuant to Uniform Rules—Courts of Appeal, Rule 5-2, we use initials throughout this opinion to protect the identity of the minors.

1

K.M. told Dr. Lanclos that a boy in her class had touched her while they were by the swingset. Dr. Lanclos noted that K.M.'s mother reacted to the incident in a hysterical fashion and that her father was extremely upset. She testified that the parents' behavior in this fashion could create trauma in the child. While Dr. Lanclos was of the opinion that K.M. needed further therapy, she did not return to Dr. Lanclos after August 17, 2006.

Plaintiff, M.R., is the mother of Ma.R. M.R. testified that she had been told by her aunt of an incident at school. When she questioned her daughter about the incident, Ma.R. told her that a boy in her class had been touching her on her "private area" while they were on the playground, under the twin slides, at school. M.R. testified that Ma.R. became angry and began talking "baby talk" and began asking a lot of questions about her private parts. Ma.R. also treated with Dr. Lanclos. Ma.R. told Dr. Lanclos that one boy had touched her private part and that another boy had touched her buttocks. On another occasion, Ma.R. told Dr. Lanclos that one boy touched her inside her pants and another boy touched her inside her shirt. Dr. Lanclos testified that Ma.R. did not appear to be in emotional distress and was discharged from treatment on August 21, 2006.

Plaintiff, G.G., is the mother of A.G. G.G. testified that she learned about an incident at school on or about December 21, 2005. Her daughter related to her that, on one occasion, a boy in her class had put his hand in her pants and that she slapped him and told him to stop. G.G. testified that since the incident A.G. has trouble sleeping, will only wear pants to school, talks in "baby talk," and always wears a sweatshirt. A.G. did appear in court and told the trial judge that a boy in her class had "pinched her on the butt" while they were on a field trip and that on another occasion,

2

a boy had put his hands in her pants. A.G. also treated with Dr. Lanclos. A.G. told Dr. Lanclos that one boy touched her on her hip only and that another boy put his hand inside her pants. Dr. Lanclos testified that A.G. exhibited emotional problems and needed further therapy. A.G., however, did not seek treatment from Dr. Lanclos after July of 2006.

J.M. and D.M. reported the incident to Delores Rabalais, the principal of Riverside, on December 20, 2005. M.R. and G.G. made a formal complaint on January 6, 2006. Ms. Rabalais testified that she initiated an investigation as required by the Avoyelles Parish School sexual harassment policy. She testified that K.M. admitted and later denied that a boy in her class had touched her. A.G. told her that she had been touched above the knee, on her leg. Ms. Rabalais further testified that based on her investigation, she dismissed the complaints based on lack of evidence and/or witnesses.

Dr. John Simoneaux, Defendant's expert in the field of psychology, testified at trial. He testified that a four-year-old child could have difficulty distinguishing between fantasy and reality and that parents can unwittingly convince a child that an event happened when it actually did not.

Following a bench trial, the trial judge found in favor of Plaintiffs and awarded $2,500.00 to each minor child for general damages and $1,000.00 to each parent for their loss of consortium. Specifically, the trial judge found that "more probable than not the Avoyelles Parish School Board breached its duty by failing to properly train the teachers and students at Riverside Elementary School concerning the sexual harassment policy and as a result of this failure, liability is imposed." The judgment also cast Defendant with all medical costs incurred by Plaintiffs and for Dr. Lanclos'

3

trial appearance and testimony fee. In his written reasons for judgment, the trial judge found that there was insufficient evidence to find E.T. at fault and dismissed Plaintiffs' claims against her; however, the judgment fails to include this decree.

Defendant is now before this court on appeal, alleging that the trial judge erred in imposing liability on the school board for a breach of duty to train without proof that this breach caused or was a cause-in-fact of the incidents at issue. Plaintiffs have answered the appeal seeking an increase in the amount of general damages awarded to each child. For the following reasons, we decline to increase the amount of general damages awarded and amend the judgment to reflect the trial judge's dismissal of Plaintiffs' claims against E.T. In all other respects, the judgment is affirmed.

## DISCUSSION

Based on the testimony outlined above, the trial judge concluded that "all three girls suffered some type of trauma." However, the trial judge concluded that Plaintiffs failed to meet their burden of proof with respect to their allegation that the improper touching occurred as a result of improper supervision. This conclusion was based on testimony that there was a separate playground for pre-kindergarten students and that the teachers and teachers' aides had a full view of the playground when students were present. However, based on the testimony of Ms. Rabalais and the pre-kindergarten teachers at Riverside, the trial judge found that there was no annual training regarding the policy and prevention of sexual harassment did not occur as mandated by the school board's Sexual Harassment Policy and Procedures Manual. The trial judge concluded that this was a clear breach of duty by the school board and that "more probable than not the Avoyelles Parish School Board breached its duty by failing to properly train the teachers and students at Riverside Elementary School

4

concerning the sexual harassment policy and as a result of this failure, liability is imposed."

This court has previously recognized that "the laws of evidence recognize that children may not have clear understanding of what has happened to them" and that the trier of fact is "called upon to evaluate the evidence in light of the child's level of understanding and normal incapacity." *Romero v. Little Britches Day Care Ctr., Inc.*, 99-1643, p. 3 (La.App. 3 Cir. 6/7/00), 768 So.2d 91, 93. The Plaintiffs in this case must prove that there was a duty on the part of the school board to conform its conduct to a specific standard of care, that there was a breach of this duty, that the school board's substandard conduct was a cause-in-fact of the injuries claimed, that the school board's substandard conduct was a legal cause of the injuries claimed, and that actual damages were sustained. *Long v. State ex rel. Dept. of Transp. and Dev.*, 04-485 (La.6/29/05), 916 So .2d 87.

This court has recognized that:

> It is well settled that questions of liability for negligent acts are evaluated using a duty-risk analysis. *Daye v. General Motors Corp.*, 97-1653 (La.9/9/98); 720 So.2d 654. Under the duty-risk approach, the "[p]laintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached." *Id.* at 659.
>
> . . . .
>
> Whether a duty exists is a question of law, while breach of duty is a question of fact. *Mundy v. Dept. of Health & Human Resources*, 620 So.2d 811 (La.1993). While no deference is given to the trial court's determination of a question of law, findings of fact are subject to the manifest error standard of review. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993). "Generally, breach of a duty is the failure to exercise reasonable care under the circumstances." FRANK L. MARAIST & THOMAS C. GALLIGAN, LOUISIANA TORT LAW § 6-1, at 139 (1996).

*D.C. v. St. Landry Parish School Bd*., 00-1304, pp. 2-3 (La.App. 3 Cir. 3/7/01), 802 So.2d 19, 21-22, *writ denied*, 01-981 (La. 5/25/05), 793 So.2d 162.

In *D.C.*, this court held that a violation of the school's established policy was a breach of the duty of reasonable supervision of its students. Here, the trial judge found that a violation of the established policy on sexual harassment was a breach of the duty owed by Defendant to Plaintiffs. We agree with this conclusion.

Again, we are mindful that a trial court's findings of fact may not be reversed in the absence of manifest error or unless clearly wrong. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). "[I]f the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 882-83. Moreover, whether a defendant's conduct is a cause-in-fact of the injuries claimed is a factual question to be determined by the trier of fact. *Bonin v. Ferrellgas, Inc.*, 03-3024 (La. 7/2/04), 877 So.2d 89.

The cause-in-fact element is a highly contested issue in this appeal. Defendant contends that the trial judge did not find causation and points to the trial judge's statement that "[it] is not stating that the training would have prevented the incidents." We agree with Plaintiffs that this statement is not determinative of the issue of causation. Later, in his written reasons for judgment, the trial judge stated: "had the young boys at issue in this case been specifically instructed that they were not to stick their hands in the pants of a young girl, then the School Board would not be responsible. " We find this to be a clear statement that the trial judge found that

6

the failure to properly train teachers and students at Riverside pursuant to its own sexual harassment policy was a cause-in-fact of the harm to Plaintiffs.

In determining whether the cause-in-fact element of proof has been satisfied, "[t]he inquiry to be made is whether the accident would have occurred but for the defendant's alleged substandard conduct." D.C., 802 So.2d at 22 (quoting *Daye v. General Motors Corp.*, 97-1653 (La.9/9/98), 720 So.2d 654, 659). Defendant does not contest the fact that school boards, through their school personnel, owe a duty to reasonably supervise the young children in their care. Based on our review of the record as a whole, we find no legal error in the trial judge's conclusion that a duty existed, and we find no manifest error in the trial judge's conclusions that Defendant breached a duty owed to Plaintiffs and that said breach was a cause-in-fact and legal cause of the damages claimed by Plaintiffs.

We now turn to the issue of amount of damages. The trial judge concluded, based on the testimony of Dr. Lanclos, that the actual damage to the children was minor and emotional in nature only. The trial judge went on to state that this damage was worsened by the conduct of the adults. Based on these findings, the trial judge awarded the sum of $2,500.00 in general damages to each child and $1,000.00 to each parent for their loss of consortium. Plaintiffs contend that these amounts are inadequate. We do not agree.

The standard for appellate review of general damages is set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). We can disturb the trial judge's award of damages only when the record clearly shows that the fact finder abused its broad discretion in making the award. *Scott v. Pyles*, 99-1775 (La.App. 1 Cir.

7

10/25/00), 770 So.2d 492, *writ denied*, 00-3222 (La. 1/26/01), 782 So.2d 633. "The discretion vested in the trier of fact is 'great' and even vast, so that an appellate court should rarely disturb an award of general damages." *Youn*, 623 So.2d at 1260. Our first inquiry is "whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." *Id*. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id*. at 1261. Based on our review of the record, we find no abuse of discretion in the award of damages.

## DECREE

For the foregoing reasons, we amend the judgment to reflect that Plaintiffs' claims against E.T. are dismissed. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against Defendant-Appellant, Avoyelles Parish School Board.

**AFFIRMED AS AMENDED.**